## BREWER vs. DAY.

The whole equity on which the injunction is founded being denied, and the complainant having an adequate remedy at law for the grievances stated in the bill, if they exist, injunction dissolved.

*Mr. Gilchrist,* Attorney-General, for motion.

*Mr. R. P. Wortendyke,* contra.

THE CHANCELLOR.

The injunction issued in this case was to restrain the defendant from preventing the complainant from doing work on Day's premises as florist and gardener, and from ejecting him from a dwelling-house in which he had placed him and his family, during the contract entered into for taking charge of defendant's green-houses, by an agreement made at the time of the contract. The bill alleged that the complainant had entered on his duties, and was discharging them in good faith, and that Day, without cause, had discharged him, and was about to put him out of the premises and the dwelling-house.

The answer admits the agreement, but denies that the complainant was discharging his duties, or that there was no good cause for his discharge, and states, and specifies in what things he did not discharge his duties, and also states several causes, which, if true, are sufficient to justify the defendant in discharging the complainant from his employment, and putting him out of one or two rooms connected with the green-house and garden in which he was employed. In these matters the answer is responsive to the bill, and for the purposes of this motion must be taken as true.

The whole equity on which the injunction is founded being thus denied, the injunction must be dissolved. The complainant has an adequate remedy at law for the grievances stated in the bill, if they exist, and there is no reason for retaining the injunction after this denial.